IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AXCESS BROADCAST SERVICES, INC., d.b.a. THE AXCESS GROUP,<br><br>Plaintiff,<br><br>v.<br><br>DONNINI FILMS and STEVE DONNINI,<br><br>Defendants. | § § § § § § § § § § § | Civil Action No. 3:04-CV-2639-L |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants' Motion for an Extension of Time to Complete Discovery and Respond to Plaintiff's No Evidence Motion for Partial Summary Judgment, filed February 24, 2006; and Defendant's [sic] Motion to Extend Time to File Exhibit List and Exhibits, filed March 15, 2006. A hearing on the motions was held on April 5, 2006. After careful consideration of the motions, response, evidence and applicable law, the court **denies** Defendants' Motion for an Extension of Time to Complete Discovery and Respond to Plaintiff's No Evidence Motion for Partial Summary Judgment; and **grants** Defendant's Motion to Extend Time to File Exhibit List and Exhibits.

### I.   Procedural Background

Plaintiff Axcess Broadcast Services, Inc. ("Plaintiff" or "Axcess") seeks a declaratory judgment that Defendants have no copyrights in video clips Defendants produced for Plaintiff. Alternatively, Plaintiff seeks a declaratory judgment that its use of the video clips is proper under an implied license from Defendants. Plaintiff also seeks damages contending that Defendants' actions of contacting Plaintiff's customers regarding possible copyright infringement constitute

unfair competition. Plaintiff filed a no evidence motion for partial summary judgment on February 6, 2006. Plaintiff contends that Defendants have no evidence of copyright infringement for 44 of the 45 video clips that Defendants produced for Plaintiff.

**II.     Defendants' Motion for an Extension of Time to Complete Discovery and Respond to Plaintiff's No Evidence Motion for Partial Summary Judgment**

The discovery deadline in this case was January 6, 2006. In their motion for an extension, Defendants contend that they have not had adequate time for discovery because Plaintiff was initially unwilling to provide to them the master tapes of the videos in dispute. Defendants allege that they needed the tapes to determine the number of reusages of the videos, and thus the extent of the copyright infringement. Defendants filed a response to Plaintiff's motion for partial summary judgment on March 21, 2006. In their response, they state that Plaintiff has produced 420 videotapes, and Defendants are in the process of reviewing the tapes. At the hearing, counsel for Defendants stated that their response is incomplete and needs to be supplemented by further discovery. He also stated that they have reviewed approximately 434 videos, and only 83 of the videos are relevant to this case.[*] Counsel for Defendants further stated that they needed documents

---

[*]Defendants' counsel intimated at the hearing that in an effort to overwhelm Defendants, Plaintiff provided them over 400 videos to review, knowing that a significant lesser number of videos were relevant. The court has reviewed correspondence from the parties and the Defendants' specific discovery request to Plaintiff for the video tapes. By letter dated October 10, 2005, counsel for Defendants advised Plaintiff's counsel that Defendants wanted to review every commercial Plaintiff had sold since 1994, and asked for an estimate of the number of videos and commercials. In its response of October 13, 2005, Plaintiff's counsel stated that there were approximately 2000 tapes in house of raw footage and finished spots; and approximately 500 tapes of total spots produced by Plaintiff. In response, Defendants' counsel stated in his letter of October 17, 2005, that Defendants anticipated that it would take two days to review the tapes.

In their first request for production of documents submitted to Plaintiff on November 2, 2005, Defendants requested "[c]opies of all master tapes and copies thereof of film footage and other work produced by Defendants for Plaintiff," related to 45 commercial projects. Defendants also requested a complete list of television networks, their affiliates, and television stations that Plaintiff did business with from 1994 to the present. Defendants further requested videotapes of sales seminar presentations done from 1994 to the present. Defendants also requested a complete inventory or any type of list of Plaintiff's video library from 1994 to the present. The court concludes that based on the correspondence between the parties, Defendants

**Memorandum Opinion and Order - Page 2**

from various television stations to show what video clips were used to make commercials for the television stations.

The court treats Defendants' request as one for a continuance under Fed. R. Civ. P. 56(f). Rule 56(f) authorizes a continuance "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition. . . . " The Rule is an essential ingredient of the federal summary judgment scheme, and provides a mechanism for dealing with the problem of premature summary judgment motions. *Celotex Corp., v. Catrett,* 477 U.S. 317, 326 (1986). The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely. *Union City Barge Line, Inc. v. Union Carbide Corp.,* 823 F.2d 129, 136 (5th Cir.1987).

To comply with the Rule, the party opposing summary judgment need only file the specified affidavit, explaining why he cannot oppose the summary judgment motion on the merits. *Id.* Rule 56(f) motions are treated and reviewed liberally; technical, rigid scrutiny of a Rule 56(f) motion is inappropriate; *Id.,* however, since the burden is not a heavy one, the nonmovant must justify his entitlement to a continuance by presenting specific facts explaining his inability to make a substantive response. *Id.* at 137 (citing *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir.1980), *cert. denied,* 449 U.S. 1082 (1981)). A claim that further discovery or a trial might reveal facts of which the nonmovant is currently unaware is insufficient. *Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1123 (5th Cir. 1988). A party may not rely on vague assertions that additional discovery will produce needed, but unspecified facts, *Union City,* 823 F.2d at 137, but

---

were aware of the number of tapes involved, and that Plaintiff's production of more than 400 video tapes was responsive to Defendants' discovery request. In essence, Defendants got what they asked for.

**Memorandum Opinion and Order - Page 3**

instead must identify a genuine issue of material fact that justifies the continuance pending further discovery. *See Woods v. Federal Home Loan Bank Bd.,* 826 F.2d 1400, 1415 (5th Cir. 1987), *cert. denied,* 485 U.S. 959 (1988). To carry their burden on a Rule 56(f) motion, Defendants must show why the discovery is needed, and how the discovery will allow them to demonstrate a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 657-58 (5th Cir. 1996); *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir. 1993). Finally, in conjunction with a nonmovant's request for additional discovery, the nonmovant must establish that he has diligently pursued relevant discovery. *Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 919 (5th Cir. 1992).

First, the court notes that Defendants did not file an affidavit in support of a continuance. They thus fail to satisfy the threshold procedural requirement of Rule 56(f), and this alone is enough to deny Defendants' request for a continuance.

Second, Defendants have not demonstrated that the additional discovery will allow them to demonstrate a genuine issue of material fact. Defendants' counsel stated at the hearing that he "believes" that the discovery will reveal that other video clips were used. This is pure speculation, and does not justify a continuance.

Finally, the court concludes that Defendants have not been diligent in obtaining the discovery they seek. Defendants contend that discovery was delayed because Plaintiff did not initially provide the videotapes as requested; and thereafter provided Defendants more than 400 videos, most of which were not relevant to this case. Defendants also argue that they need certain documents from the television stations to show which of their video clips were used in commercials created by Plaintiffs for the television stations. Counsel for Defendants conceded at the hearing that Defendants have a list of television stations from which they could have requested this information.

**Memorandum Opinion and Order - Page 4**

According to Defendants' counsel, Defendants began reviewing the videos on March 28 because Plaintiff would not allow Defendants to see the videos. Defendants have failed to explain to the court's satisfaction, however, why they did not seek relief from the court in the form of a motion to compel to acquire the discovery they sought; or timely seek an extension of the discovery deadline prior to its expiration.

The court sees no reason why it should grant an extension, as Defendants have not satisfied the threshold procedural requirement for a continuance under Rule 56(f), and have not justified their entitlement to a continuance by presenting specific facts explaining their inability to make a substantive response. They did not file an affidavit explaining why they cannot oppose the summary judgment motion on the merits; only speculate as to what the additional discovery will reveal, and how it will allow them to demonstrate a genuine issue of material fact; and have not shown diligence with respect to pursuing discovery. Further, an extension would unnecessarily impact the timely resolution of this case and others on the court's docket. The court cannot countenance such a delay absent good cause, which is lacking in this case. For these reasons, Defendants' request for a continuance under Rule 56(f) to obtain additional discovery to respond to the pending summary judgment motion is denied.

### III.    Defendant's [sic] Motion to Extend Time to File Exhibit List and Exhibits

Pursuant to the court's scheduling order of June 13, 2005, the parties were to file their pretrial materials, including exhibit lists and exhibits by March 13, 2006. Defendants seek to extend the time to file their exhibit list and exhibits until they have had an opportunity to review all of the video tapes provided by Plaintiffs. Plaintiff opposes the extension, contending that Defendants have not presented good cause for an extension, and that Plaintiff will be prejudiced and inconvenienced

by any extension of the scheduling order deadlines.  Plaintiff maintains that it has complied with all of the court-ordered deadlines and that any extension of discovery would require that the trial be reset.

A scheduling order can only be modified upon a showing of good cause.  *See* Fed. R. Civ. P. 16(b); *S & W Enterprises, L.L.C. v. South Trust Bank of Alabama, N.A.,* 315 F.3d 533, 536 (5th Cir. 2003); *Scheduling Order* at 8, ¶ 13 (*"A motion for an extension of any deadline set forth herein must be made prior to its expiration.*  This order shall control the disposition of this case unless it is modified by the court upon a showing of good cause and by leave of court.") (original emphasis). In deciding whether to grant Defendants' request for an extension, the court considers (1) the explanation for Defendants' failure to timely move for a modification of the scheduling order; (2) the importance of the discovery sought to be included in the exhibit list and exhibits; (3) the potential prejudice to Plaintiff in granting the extension; and (4) the availability of a continuance of the trial to cure such prejudice.  *See S & W Enterprises*, 315 F.3d at 536.

Considering the four factors collectively, the court determines that Defendants have shown good cause for the modification of the scheduling order to extend time for Defendants' filing of their exhibits and exhibit list.  According to Defendants, they failed to timely move for a modification of the scheduling order because the parties were attempting to amicably resolve the issues regarding Plaintiff's production of the videos to Defendants, and the subsequent copying of the videos. Because of the delay in acquiring the videos, Defendants contend that they have not had sufficient time to review them and determine which videos should be listed as exhibits.  The court determines that Defendants offer sufficient explanation for their failure to timely move to modify the scheduling order as to the deadline regarding exhibits.  Additionally, the videos are key exhibits in the case, and

Plaintiff has not demonstrated how it will be harmed by extending the deadline for Defendants to file their exhibit list and exhibits. This case is set for trial on the court's four-week docket beginning May 1, 2006. The court has denied Defendants' request to extend the discovery deadline, and the trial setting remains as set in the scheduling order. An extension, therefore, would not affect the trial setting. Further, Plaintiff will have an opportunity to object to Defendants' exhibit list and exhibits or present evidence to counter them, thus removing any legal prejudice it might suffer.

### IV.    Conclusion

For the reasons herein stated, the court **denies** Defendants' Motion for an Extension of Time to Complete Discovery and Respond to Plaintiff's No Evidence Motion for Partial Summary Judgment; and **grants** Defendant's [sic] Motion to Extend Time to File Exhibit List and Exhibits. Defendants shall file their Exhibit List and Exhibits, and deliver a copy to opposing counsel, by **12:00 p.m. (Noon) April 24, 2006**. Plaintiff shall file its objections, if any, to the exhibit list and exhibits by **12:00 p.m. (Noon) April 27, 2006**.

**It is so ordered** this 19th day of April, 2006.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge